IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ERIN BULFIN,                    )
                                     )

     Plaintiff,           )
                                     )

vs.                            )    Case No.     4:20-cv-00689-JMB
                                     )

BECKY RAINWATER, RENITA      )
HAWKINS, MARYANNE WILLIS,   )
VANESSA DURIS, PHILIP        )
WAGENKNECHT and ST. LOUIS   )
COUNTY,                      )
                                     )

     Defendants.      )

## **DEFENDANT DR. PHILIP WAGENKNECHT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

Comes now Defendant, Dr. Philip Wagenknecht, and for his Answer to Plaintiff's Complaint for Damages, states as follows:

### **ANSWER TO NATURE OF CASE**

1.     Defendant denies the allegations of Paragraph 1.

### **ANSWER TO PARTIES**

2.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 2, and therefore holds Plaintiff to strict proof thereof.

3.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 3, and therefore holds Plaintiff to strict proof thereof.

4.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 4, and therefore holds Plaintiff to strict proof thereof.

5.      Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 5, and therefore holds Plaintiff to strict proof thereof.

6.      Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 6, and therefore holds Plaintiff to strict proof thereof.

7.      Defendant denies any acts of negligence or otherwise as alleged in the Complaint. Defendant otherwise admits the allegations of Paragraph 7.

8.      Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 8, and therefore holds Plaintiff to strict proof thereof.

## ANSWER TO JURISDICTION AND VENUE

9.      Defendant makes no answer to Paragraph 9 to the extent it states a legal conclusion not facts to which no answer is required.

10.     Defendant makes no answer to Paragraph 10 to the extent it states a legal conclusion not facts to which no answer is required.  Defendant further denies the events giving rise to any claim as alleged by Plaintiff.

## ANSWER TO FACTUAL ALLEGATIONS

11.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 11, and therefore holds Plaintiff to strict proof thereof.

12.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 12, and therefore holds Plaintiff to strict proof thereof.

13.     Defendant admits the allegations of Paragraph 13.

14.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 14, and therefore holds Plaintiff to strict proof thereof.

15.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 15, and therefore holds Plaintiff to strict proof thereof.

16.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 16, and therefore holds Plaintiff to strict proof thereof.

17.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 17, and therefore holds Plaintiff to strict proof thereof.

18.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 18, and therefore holds Plaintiff to strict proof thereof.

19.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 19, and therefore holds Plaintiff to strict proof thereof.

20.     Defendant denies he was employed by St. Louis County but otherwise admits the remaining allegations of Paragraph 20.

21.     Defendant denies the allegations of Paragraph 21.

22.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 22, and therefore holds Plaintiff to strict proof thereof.

23.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 23, and therefore holds Plaintiff to strict proof thereof.

24.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 24, and therefore holds Plaintiff to strict proof thereof.

25.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 25, and therefore holds Plaintiff to strict proof thereof.

26.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 26, and therefore holds Plaintiff to strict proof thereof.

27.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 27, and therefore holds Plaintiff to strict proof thereof.

28.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 28, and therefore holds Plaintiff to strict proof thereof.

29.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 29, and therefore holds Plaintiff to strict proof thereof.

30.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 30, and therefore holds Plaintiff to strict proof thereof.

31.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 31, and therefore holds Plaintiff to strict proof thereof.

32.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 32, and therefore holds Plaintiff to strict proof thereof.

33.     Defendant makes no answer to Paragraph 33 to the extent it states a legal conclusion not facts to which no answer is required.

34.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 34, and therefore holds Plaintiff to strict proof thereof.

35.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 35, and therefore holds Plaintiff to strict proof thereof.

36.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 36, and therefore holds Plaintiff to strict proof thereof.

37.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 37, and therefore holds Plaintiff to strict proof thereof.

38.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 38, and therefore holds Plaintiff to strict proof thereof.

39.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 39, and therefore holds Plaintiff to strict proof thereof.

40.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 40, and therefore holds Plaintiff to strict proof thereof.

41.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 41, and therefore holds Plaintiff to strict proof thereof.

42.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 42, and therefore holds Plaintiff to strict proof thereof.

43.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 43, and therefore holds Plaintiff to strict proof thereof.

44.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 44, and therefore holds Plaintiff to strict proof thereof.

45.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 45, and therefore holds Plaintiff to strict proof thereof.

46.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 46, and therefore holds Plaintiff to strict proof thereof.

47.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 47, and therefore holds Plaintiff to strict proof thereof.

48.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 48, and therefore holds Plaintiff to strict proof thereof.

49.     Defendant makes no answer to Paragraph 49 to the extent it states a legal conclusion not facts to which no answer is required.

50.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 50, and therefore holds Plaintiff to strict proof thereof.

51.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 51, and therefore holds Plaintiff to strict proof thereof.

52.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 52, and therefore holds Plaintiff to strict proof thereof.

53.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 53, and therefore holds Plaintiff to strict proof thereof.

54.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 54, and therefore holds Plaintiff to strict proof thereof.

55.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 55, and therefore holds Plaintiff to strict proof thereof.

56.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 56, and therefore holds Plaintiff to strict proof thereof.

57.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 57, and therefore holds Plaintiff to strict proof thereof.

58.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 58, and therefore holds Plaintiff to strict proof thereof.

59.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 59, and therefore holds Plaintiff to strict proof thereof.

60.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 60, and therefore holds Plaintiff to strict proof thereof.

61.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 61, and therefore holds Plaintiff to strict proof thereof.

62.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 62, and therefore holds Plaintiff to strict proof thereof.

63.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 63, and therefore holds Plaintiff to strict proof thereof.

64.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 64, and therefore holds Plaintiff to strict proof thereof.

65.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 65, and therefore holds Plaintiff to strict proof thereof.

66.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 66, and therefore holds Plaintiff to strict proof thereof.

67.     Defendant makes no answer to Paragraph 67 to the extent it states a legal conclusion not facts to which no answer is required.

68.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 68, and therefore holds Plaintiff to strict proof thereof.

69.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 69, and therefore holds Plaintiff to strict proof thereof.

70.     Defendant denies the allegations of Paragraph 70.

71.     Defendant denies the allegations of Paragraph 71.

72.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 72, and therefore holds Plaintiff to strict proof thereof.

73.     Defendant denies the allegations of Paragraph 73.

74.     Defendant denies the allegations of Paragraph 74.

75.     Defendant denies the allegations of Paragraph 75.

76.     Defendant denies the allegations of Paragraph 76.

77.     Defendant denies the allegations of Paragraph 77.

78.     Defendant denies the allegations of Paragraph 78.

79.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 79, and therefore holds Plaintiff to strict proof thereof.

80.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 80, and therefore holds Plaintiff to strict proof thereof.

81.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 81, and therefore holds Plaintiff to strict proof thereof.

82.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 82, and therefore holds Plaintiff to strict proof thereof.

83.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 83, and therefore holds Plaintiff to strict proof thereof.

84.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 84, and therefore holds Plaintiff to strict proof thereof.

85.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 85, and therefore holds Plaintiff to strict proof thereof.

86.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 86, and therefore holds Plaintiff to strict proof thereof.

87.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 87, and therefore holds Plaintiff to strict proof thereof.

88.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 88, and therefore holds Plaintiff to strict proof thereof.

89.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 89, and therefore holds Plaintiff to strict proof thereof.

90.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 90, and therefore holds Plaintiff to strict proof thereof.

91.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 91, and therefore holds Plaintiff to strict proof thereof.

92.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 92, and therefore holds Plaintiff to strict proof thereof.

93.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 93, and therefore holds Plaintiff to strict proof thereof.

94.     Defendant denies this allegation as to Dr. Wagenknecht. Defendant is without sufficient knowledge and information to admit or deny the remaining allegations of Paragraph 94, and therefore holds Plaintiff to strict proof thereof.

95.     Defendant denies this allegation as to Dr. Wagenknecht. Defendant is without sufficient knowledge and information to admit or deny the remaining allegations of Paragraph 95, and therefore holds Plaintiff to strict proof thereof.

96.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 96, and therefore holds Plaintiff to strict proof thereof.

97.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 97, and therefore holds Plaintiff to strict proof thereof.

98.     Defendant denies this allegation as to Dr. Wagenknecht. Defendant is without sufficient knowledge and information to admit or deny the remaining allegations of Paragraph 98, and therefore holds Plaintiff to strict proof thereof.

99.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 99, and therefore holds Plaintiff to strict proof thereof.

100.    Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 100, and therefore holds Plaintiff to strict proof thereof.

101.    Defendant denies the allegations of Paragraph 101.

102.    Defendant denies the allegations of Paragraph 102.

103.    Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 103, and therefore holds Plaintiff to strict proof thereof.

104.    Defendant makes no answer to Paragraph 104 to the extent it states a legal conclusion not facts to which no answer is required.

105.    Defendant makes no answer to Paragraph 105 to the extent it states a legal conclusion not facts to which no answer is required.

106.    Defendant makes no answer to Paragraph 106 to the extent it states a legal conclusion not facts to which no answer is required.

107.    Defendant makes no answer to Paragraph 107 to the extent it states a legal conclusion not facts to which no answer is required.

108.    Defendant makes no answer to Paragraph 108 to the extent it states a legal conclusion not facts to which no answer is required.

109.    Defendant makes no answer to Paragraph 109 to the extent it states a legal conclusion not facts to which no answer is required.

110.    Defendant denies this allegation as to Dr. Wagenknecht. Defendant is without sufficient knowledge and information to admit or deny the remaining allegations of Paragraph 110, and therefore holds Plaintiff to strict proof thereof.

111.    Defendant denies this allegation as to Dr. Wagenknecht. Defendant is without sufficient knowledge and information to admit or deny the remaining allegations of Paragraph 111, and therefore holds Plaintiff to strict proof thereof.

112.    Defendant denies this allegation as to Dr. Wagenknecht. Defendant is without sufficient knowledge and information to admit or deny the remaining allegations of Paragraph 112, and therefore holds Plaintiff to strict proof thereof.

113.    Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 113, and therefore holds Plaintiff to strict proof thereof.

114.    Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 114, and therefore holds Plaintiff to strict proof thereof.

115.    Defendant admits he was not disciplined or reprimanded.  Defendant denies any misuse of ORE policies and procedures and denies any other allegations of wrongdoing. Defendant has insufficient information to admit or deny the remaining allegations of Paragraph 115, and therefore holds Plaintiff to strict proof thereof.

## REPLY TO COUNT I

116 – 122.    Defendant makes no answer to Count I because none of the allegations contained therein are directed against him.  To the extent any allegations of said count are construed as applying to this Defendant, such allegations are denied outright, or denied due to lack of information.

## REPLY TO COUNT II

123 – 127.    Defendant makes no answer to Count II because none of the allegations contained therein are directed against him.  To the extent any allegations of said count are construed as applying to this Defendant, such allegations are denied outright, or denied due to lack of information.

## REPLY TO COUNT III

128 – 133.    Defendant makes no answer to Count III because none of the allegations contained therein are directed against him.  To the extent any allegations of said count are construed as applying to this Defendant, such allegations are denied outright, or denied due to lack of information.

## REPLY TO COUNT IV

134 – 138.    Defendant makes no answer to Count IV because none of the allegations contained therein are directed against him.  To the extent any allegations of said count are construed as applying to this Defendant, such allegations are denied outright, or denied due to lack of information.

## REPLY TO COUNT V

139 – 142.    Defendant makes no answer to Count V because none of the allegations contained therein are directed against him.  To the extent any allegations of said count are

construed as applying to this Defendant, such allegations are denied outright, or denied due to lack of information.

## REPLY TO COUNT VI

143 – 149.     Defendant makes no answer to Count VI because none of the allegations contained therein are directed against him.   To the extent any allegations of said count are construed as applying to this Defendant, such allegations are denied outright, or denied due to lack of information.

## REPLY TO COUNT VII

150 – 154.     Defendant makes no answer to Count VII because none of the allegations contained therein are directed against him.   To the extent any allegations of said count are construed as applying to this Defendant, such allegations are denied outright, or denied due to lack of information.

## REPLY TO COUNT VIII

155 – 160.     Defendant makes no answer to Count VIII because none of the allegations contained therein are directed against him.   To the extent any allegations of said count are construed as applying to this Defendant, such allegations are denied outright, or denied due to lack of information.

## REPLY TO COUNT IX

161 – 165.     Defendant makes no answer to Count IX because none of the allegations contained therein are directed against him.   To the extent any allegations of said count are construed as applying to this Defendant, such allegations are denied outright, or denied due to lack of information.

### REPLY TO COUNT X

166 – 169.     Defendant makes no answer to Count X because none of the allegations contained therein are directed against him.  To the extent any allegations of said count are construed as applying to this Defendant, such allegations are denied outright, or denied due to lack of information.

### REPLY TO COUNT XI

170 – 176.     Defendant makes no answer to Count XI because none of the allegations contained therein are directed against him.  To the extent any allegations of said count are construed as applying to this Defendant, such allegations are denied outright, or denied due to lack of information.

### REPLY TO COUNT XII

177 – 181.     Defendant makes no answer to Count XII because none of the allegations contained therein are directed against him.  To the extent any allegations of said count are construed as applying to this Defendant, such allegations are denied outright, or denied due to lack of information.

### REPLY TO COUNT XIII

182 – 187.     Defendant makes no answer to Count XIII because none of the allegations contained therein are directed against him.  To the extent any allegations of said count are construed as applying to this Defendant, such allegations are denied outright, or denied due to lack of information.

### REPLY TO COUNT XIV

188 – 192.     Defendant makes no answer to Count XIV because none of the allegations contained therein are directed against him.  To the extent any allegations of said count are

construed as applying to this Defendant, such allegations are denied outright, or denied due to lack of information.

### REPLY TO COUNT XV

193 – 196.    Defendant makes no answer to Count XV because none of the allegations contained therein are directed against him.  To the extent any allegations of said count are construed as applying to this Defendant, such allegations are denied outright, or denied due to lack of information.

### REPLY TO COUNT XVI

197 – 203.    Defendant makes no answer to Count XVI because none of the allegations contained therein are directed against him.  To the extent any allegations of said count are construed as applying to this Defendant, such allegations are denied outright, or denied due to lack of information.

### REPLY TO COUNT XVII

204 – 210.    Defendant makes no answer to Count XVII because none of the allegations contained therein are directed against him.  To the extent any allegations of said count are construed as applying to this Defendant, such allegations are denied outright, or denied due to lack of information.

### REPLY TO COUNT XVIII

211 – 215.    Defendant makes no answer to Count XVIII because none of the allegations contained therein are directed against him.  To the extent any allegations of said count are construed as applying to this Defendant, such allegations are denied outright, or denied due to lack of information.

## REPLY TO COUNT XIX

216 – 223.     Defendant makes no answer to Count XIX because none of the allegations contained therein are directed against him.  To the extent any allegations of said count are construed as applying to this Defendant, such allegations are denied outright, or denied due to lack of information.

## REPLY TO COUNT XX

224 – 229.     Defendant makes no answer to Count XX because none of the allegations contained therein are directed against him.  To the extent any allegations of said count are construed as applying to this Defendant, such allegations are denied outright, or denied due to lack of information.

## REPLY TO COUNT XXI

230 – 234.     Defendant makes no answer to Count XXI because none of the allegations contained therein are directed against him.  To the extent any allegations of said count are construed as applying to this Defendant, such allegations are denied outright, or denied due to lack of information.

## REPLY TO COUNT XXII

235 – 238.     Defendant makes no answer to Count I because none of the allegations contained therein are directed against him.  To the extent any allegations of said count are construed as applying to this Defendant, such allegations are denied outright, or denied due to lack of information.

## ANSWER TO COUNT XXIII

239.    Defendant re-alleges and incorporates by reference herein his Answers to Paragraphs 1 through 238 above.

240.     Defendant makes no answer to Paragraph 240 to the extent it states a legal conclusion not facts to which no answer is required.

241.     Defendant makes no answer to Paragraph 241 to the extent it states a legal conclusion not facts to which no answer is required.

242.     Defendant denies the allegations of Paragraph 242.

243.     Defendant denies the allegations of Paragraph 243.

244.     Defendant denies the allegations of Paragraph 244

245.     Defendant denies the allegations of Paragraph 245

## ANSWER TO COUNT XXIV

246.     Defendant re-alleges and incorporates by reference herein his Answers to Paragraphs 1 through 245 above.

247.     Defendant makes no answer to Paragraph 247 to the extent it states a legal conclusion not facts to which no answer is required.

248.     Defendant denies the allegations of Paragraph 248.

249.     Defendant denies the allegations of Paragraph 249.

250.     Defendant denies the allegations of Paragraph 250.

## ANSWER TO COUNT XXV

251.     Defendant re-alleges and incorporates by reference herein his Answers to Paragraphs 1 through 250 above.

252.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 252, and therefore holds Plaintiff to strict proof thereof.

253.     Defendant denies the allegations of Paragraph 253.

254.     Defendant denies the allegations of Paragraph 254.

255.    Defendant denies the allegations of Paragraph 255.

256.    Defendant denies the allegations of Paragraph 256.

## ANSWER TO COUNT XXVI

257.    Defendant re-alleges and incorporates by reference herein his Answers to Paragraphs 1 through 256 above.

258.    Defendant makes no answer to Paragraph 258 to the extent it states a legal conclusion not facts to which no answer is required.

259.    Defendant makes no answer to Paragraph 259 to the extent it states a legal conclusion not facts to which no answer is required.

260.    Defendant makes no answer to Paragraph 260 to the extent it states a legal conclusion not facts to which no answer is required.

261.    Defendant admits the allegations of Paragraph 261 other than denying any inference that he was at any time an employee of St. Louis County's Animal Care and Control facility.

262.    Defendant denies the allegations of Paragraph 262.

263.    Defendant denies the allegations of Paragraph 263.

## ANSWER TO COUNT XXVII

264.    Defendant re-alleges and incorporates by reference herein his Answers to Paragraphs 1 through 263 above.

265.    Defendant denies the allegations of Paragraph 265.

266.    Defendant denies the allegations of Paragraph 266.

267.    Defendant denies the allegations of Paragraph 267.

268.    Defendant denies the allegations of Paragraph 268

## ANSWER TO COUNT XXVIII

269.     Defendant re-alleges and incorporates by reference herein his Answers to Paragraphs 1 through 268 above.

270.     Defendant denies the allegations of Paragraph 270.

271.     Defendant denies the allegations of Paragraph 271

272.     Defendant denies the allegations of Paragraph 272.

## REPLY TO COUNT XXIX

273 – 279.     Defendant makes no answer to Count XXIX because none of the allegations contained therein are directed against him.  To the extent any allegations of said count are construed as applying to this Defendant, such allegations are denied outright, or denied due to lack of information.

## REPLY TO COUNT XXX

280 – 288.     Defendant makes no answer to Count XXX because none of the allegations contained therein are directed against him.  To the extent any allegations of said count are construed as applying to this Defendant, such allegations are denied outright, or denied due to lack of information.

## AFFIRMATIVE DEFENSES

Comes now Defendant Philip Wagenknecht and for his affirmative defenses, states as follows:

1.     To the extent any of the allegations contained in Plaintiff's Complaint are not heretofore admitted, denied, or otherwise answered, Defendant denies any and all remaining allegations.

2.      Plaintiff's Complaint fails to state a claim for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

3.      Plaintiff fails to state a claim establishing any policy or custom to trigger liability under 42 U.S.C. §1983.  See *Bd. Of Cty. Comm'rs of Bryan City, Okl. V. Brown*, 520 U.S. 397 (1997).

4.      Plaintiff fails to state a claim under 42 U.S.C. §1983 in that Plaintiff fails to allege facts showing Defendant was deliberately indifferent to the surrender, transfer, and relinquishment of Plaintiff's rights to the dog, particularly in light of both Plaintiff and her husband's voluntary surrender of the dog and request that the dog be *immediately* euthanized after the dog bit the fact of Plaintiff's seven year old child requiring medical treatment to include stitches.

5.      Plaintiff fails to state a claim establishing a seizure, trespass, or conversion of any property interest of the Plaintiff because Plaintiff and her husband surrendered, transferred, and relinquished any and all rights to the dog.  Further, both Plaintiff and her husband authorized the euthanasia of the dog and adamantly and unequivocally demanded the euthanasia take place *immediately*.

6.      Plaintiff fails to state a claim of intentional infliction of emotional distress because Plaintiff has not alleged facts sufficient to show Defendant acted in an extreme or outrageous manger, that Defendant acted intentionally or recklessly, or that any of Defendant's actions caused Plaintiff emotional distress resulting in bodily harm, or that Defendant's sole intent was to cause Plaintiff emotional distress.

7.      Plaintiff fails to state a claim of negligent infliction of emotional distress because Plaintiff has not alleged facts that support Defendant knew or should have known any of their

conduct involved an unreasonable risk of causing distress, nor has Plaintiff alleged facts to support she has a medically diagnosable mental injury of sufficient severity to be medically significant.

8.      Without admitting any liability herein, if Plaintiff suffered any emotional distress said emotional distress was due to the fact that the dog bit the face of Plaintiff's seven-year old daughter the day before the surrender of the animal, and said bite of the child required medical treatment including stitches, and/or because Plaintiff and her husband's decision to surrender and euthanize the animal caused turmoil within her household and amongst Plaintiff's children.

9.      Plaintiff fails to state a claim under 42 U.S.C. §1983 because Plaintiff fails to allege facts sufficient to establish Plaintiff had a Fourth or Fourteenth Amendment right or property interest in the dog once she and her husband surrendered, transferred, and relinquished ownership of the dog.  Further, both Plaintiff and her husband authorized the euthanasia of the dog and adamantly and unequivocally demanded the euthanasia take place *immediately.*

10.     Plaintiff fails to state a claim of Veterinary Malpractice because Plaintiff fails to allege facts establishing veterinary care of the dog fell below the standard of care.

11.     Missouri is a marital property state and the dog was marital property acquired during the course of the marriage between Plaintiff and her husband, Edward Nea.

12.     Defendant is entitled to a set-off of all sums received as a result of settlement and judgments from any party or nonparty which may have liability for any claims arising out of the alleged incident.

13.     While continuing to deny any liability, Plaintiff is comparatively at fault for demanding the dog be euthanized immediately and for failing to surrender the dog herself.

14.     Edward Nea is contributorily at fault for surrendering, transferring, and relinquishing any and all rights to the dog and demanding the dog be euthanized immediately.

15.     To the extent Plaintiff seeks punitive damages, the claim for punitive damages violates federal law, Missouri law, and the Constitutions of the United States and the State of Missouri, including but not limited to the following grounds:

a.      The submission and recovery of punitive damages in this case is prohibited by the due process clauses of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and Article I, Section 10 of the Missouri Constitution, because the standards employed for determining and reviewing such awards do not sufficiently ensure a meaningful individualized assessment of deterrence and retribution and because there are no realistic standards or limits imposed on the amount of damages awarded.  The imposition of punitive damages also is barred by the equal protection clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 2 of the Missouri Constitution because the standards for determining such awards result in disparate results among defendants accused of similar conduct.  The imposition of punitive damages is also barred by the excessive fines clause of the Eighth Amendment to the United States Constitution and Article I, Sec. 21 of the Missouri Constitution because they constitute an excessive and disproportionate fine under Missouri law.

b.      Section 537.610 RSMo. Prohibits the award of punitive or exemplary damages on any claim against a public entity within the scope of §§ 537.600 to 537.650 RSMo.

16.     The Defendant sued in his individual capacity affirmatively states that he is a private citizen and was not acting under color of state law and not liable under 42 U.S.C. §1983.

17.     The Defendant sued in his individual capacity affirmatively states that qualified immunity applies because his conduct comported with established law and did not violate any of Plaintiff's clearly established constitutional rights of which a reasonable person would have known.

18.     Plaintiff's state law claims against Defendant are barred by official immunity, sovereign immunity, and the public duty doctrine.

19.     Defendant affirmatively states that Plaintiff has failed to allege facts showing Defendant owed a duty to Plaintiff after the surrender, transfer, and relinquishment of the ownership of the animal.

20.     Without admitting any liability herein, Defendant states that any injury suffered by Plaintiff was not caused by Defendant.

21.     Although Defendant denies that Plaintiff has sustained damages, any award of compensatory damages would be subject to statutory caps.

22.     Should it be determined that Plaintiff is entitled to see punitive damages against Defendant at trial, Defendant demands a bifurcated trial, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure.

23.     Defendant reserves the right to introduce evidence on any other defense that may become appropriate through discovery or independent investigation and specifically reserves the right to amend his Answer to include additional affirmative defenses at a later time.

24.     Defendant affirmatively states that the damages allegedly sustained by Plaintiff, if any, were the result of intervening or superseding causes arising from the acts or omission of

other persons or entities which Defendant neither controlled nor had the right to control. Such intervening and superseding causes bars or reduces any liability on the part of Defendant.

26. Defendant affirmatively states that Plaintiff has failed to state a claim for exemplary damages against Defendant in that she has not plead facts showing Defendant acted with reckless indifference to the rights of others.

26. Defendant affirmatively reserves the right to introduce evidence on any other defense that may become appropriate through discovery or independent investigation and specifically reserve the right to amend his Answer to include additional affirmative defenses at a later time.

27. Defendant states that Plaintiff has failed to mitigate her damages.

28. Defendant states that Plaintiff understood and acknowledged the risk associated with the animal being euthanized, and Plaintiff assumed those risks.

29. Defendant denies that Plaintiff was damaged and denies that he was in any way negligent, but pleading in the alternative, states that Plaintiff's recoverable damages are limited to the difference in the fair market value of "Daisy" before and after the alleged incident.

30. Defendant states that Plaintiff lacks standing to sue.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Philip Wagenknecht prays to be dismissed hence with his costs.

_____
Justin S. Chapell (50954MO)
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, Missouri 63101
(314) 242-5231
Fax (314) 242-5431
Email: jchapell@bjpc.com

Attorneys for Defendant
Philip Wagenknecht


### CERTIFICATE OF SERVICE

I hereby certify that on _____, 2020, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following: Mr. Daniel J. Kolde, Kolde Law, Attorneys for Plaintiff, P.O. Box 440344, St. Louis, Missouri 63144-9998; Mr. Mark Pedroli, Pedroli Law, LLC, Attorneys for Plaintiff, The Sevens Building, 7777 Bonhomme, Suite 2100, Clayton, Missouri 63105; Ms. Catherine M. Robertson, Associate County Counselor, Office of the County Counselor, Attorney for Defendants Rainwater, Hawkins, Willis, Duris and St. Louis County, 41 S. Central Avenue, 9th Floor, Clayton, Missouri 63105.

_____

JSC:maf:25270244.1