UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ERIN BULFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:20 CV 689 JMB |
| | ) | |
| BECKY RAINWATER, et al., | ) | |
| | ) | |
| Defendants/Third-Party Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| EDWARD NEA, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on third-party defendant Edward Nea's motion to dismiss, or alternatively to strike, amended third-party complaint pursuant to Federal Rules of Civil Procedure 14(a)(4) and 12(b)(6) (Doc. 61).  The issues are fully briefed.[1]  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  For the following reasons, the alternative Motion to Strike is **GRANTED.**

**I. Background**

The allegations made in plaintiff Erin Bulfin's Complaint (Doc. 1) are set forth in detail in this Court's July 12, 2021 Memorandum and Order and will not be repeated in detail here (Doc. 41).  In brief, plaintiff alleges that St. Louis County's Animal Care and Control (ACC), which employs the individual defendants, violated her civil rights by euthanizing her dog, Daisy, without

---

[1] In the interest of simplicity, the Court will refer to the third-party plaintiffs as "defendants" and the third-party defendant as "Nea."

her permission. In their original third-party complaint, defendants alleged contribution and fraud claims against plaintiff's husband, Edward Nea, who allegedly approved euthanizing Daisy. However, defendants' contribution claims were dismissed with prejudice pursuant to Rule 12(b)(6) and their fraud claim was dismissed without prejudice with leave to refile (Doc. 42). In response, defendants filed their amended third-party complaint on August 4, 2021 realleging their fraud claim against Nea in more detail (Doc. 60).

Defendants allege that Nea represented to Renita Hawkins and Rebecca Rainwater that he was Daisy's owner (Doc. 60, ¶¶ 10, 11) and that he and plaintiff wanted Daisy euthanized immediately because Daisy had bit their daughter (Id. ¶¶ 13, 14, 17). They further allege that he provided verbal details regarding the biting incident and the request for Daisy to be euthanized (Id. ¶¶ 24-41) and fixed his signature to a form relinquishing his ownership of Daisy to the ACC to be euthanized (Id. ¶¶ 42-44). Defendants allege that Nea's representations that he owned Daisy, that plaintiff wanted Daisy euthanized, and that he had the authority to transfer custody of Daisy to the ACC to be euthanized were false (Id. ¶¶ 57-61). Further, defendants allege they, in addition to Dr. Wagenknecht, relied on Nea's statements and euthanized Daisy (Id. ¶¶ 62-67). As a result, they may incur damages related to plaintiff's claims. For their cause of action, defendants allege a single count of fraud (Count I).

**II. Discussion**

By its very terms, Rule 14 permits a defendant to bring in a third-party "who is or may be liable to it for all or part of the claim against it." Moorhead Const. Co. v. City of Grand Forks, 508 F.2d 1008, 1012 (8th Cir. 1975) ("The fundamental principle of third party practice is that in order to maintain a third party complaint, a direct line of liability must be alleged to exist between the third party plaintiff and the third party defendant independent of that between the first party

plaintiff and defendant."). Thus, third-party claims are typically for contribution, indemnification, defense, or some other form of derivative or secondary liability.  See Faser v. Sears, Roebuck & Co., 674 F.2d 856, 860 (11th Cir. 1982) (stating that impleader is available only when "the third party defendant's liability is secondary to, or a derivative of, the original defendant's liability on the original plaintiff's claim").  This Court already has determined that defendants cannot seek contribution from Nea under any plausible theory of relief.   Nea now argues that defendants' fraud claim is merely a contribution claim in disguise that must be dismissed pursuant to the Court's previous order.  In response, defendants assert that they can make any claim against Nea that would offset plaintiff's claims against them *and* that the fraud claim can be a free-standing claim that could lead to additional damages.  While defendants' arguments have superficial appeal, they cannot have it both ways.  To the extent that defendants claim that Nea's actions contributed (See Doc. 60, ¶ 92) to the damages alleged by plaintiff, it must fail as a matter of law as set forth in this Court's previous order.  And, to the extent that defendants assert that they have additional claims of damages against Nea beyond what they may owe to plaintiff, such claims are improper third-party practice.[2]  See Schwab v. Erie Lackawanna R. Co., 438 F.2d 62, 68 (3rd Cir. 1971) (rejecting "the view that Rule 14 permits recovery of damages in excess of, or different from, that sought by the original plaintiff in his main claim").

Defendants' fraud claim against Nea is not a form of derivative or secondary liability; rather, it is a wholly independent claim albeit based on the same operative facts.  See U.S. v. Joe Grasso & Son, Inc., 380 F.2d 749, 751 (5th Cir. 1967) ("an entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it does arise out of the same

---

[2] While not specifically contained in their amended third-party complaint, defendants argue in their brief that they have independent claims for damages that include the cost of euthanasia, the cost of rabies testing, loss of reputation, and emotional distress (Doc. 65, p. 2).

general set of facts as the main claim."); FDIC v. Bathgate, 27 F.3d 850, 873 (3rd Cir.1994) ("A third party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant."). Defendants' claim against Nea is not dependent on the outcome of plaintiff's claims against them. That is, if defendants successfully defend against plaintiff's claims, their claim against Nea would not be extinguished. See, e.g., Damar, Inc. v. Advanced Global Design, Inc., 1998 WL 967549, at *1 (E.D.Pa. 1998) (finding that a third-party complaint alleging torts committed by a third-party defendant, but no allegations of secondary liability, could not be maintained under Rule 14); Santana Prod., Inc. v. Bobrick Washroom Equip., Inc., 69 F.Supp.2d 678, 680-681 (M.D. Pa. 1999) (finding that defendant could not assert claims of contribution or indemnification under the law and the facts alleged and that the fraud and negligent misrepresentation claims "do not present a theory of secondary or derivative liability" as required by Rule 14). Instead of asserting a secondary claim, defendants are merely attempting to use an independent cause of action to pay the potential damages that plaintiff may be awarded. See State ex rel. Green v. Kimberlin, 517 S.W.2d 124 (Mo. 1974) (in discussing the state equivalent to Rule 14, noting that a defendant's attempt to "'pass on' not the responsibility of paying 'all or part of the plaintiff's claims,' but another responsibility of paying which would operate to provide him with the wherewithal to pay plaintiff's claim against him," is improper third-party practice). This is improper third-party practice and the amended third-party complaint must be stricken.[3]

In light of this conclusion, it is unnecessary to consider whether defendants have failed to state a claim or whether they have pled fraud with particularity as required by Federal Rule of Civil Procedure 9.

---

[3] There is nothing in this Order that would prevent defendants from possibly asserting their claims against Nea through another Federal Rule or a separate lawsuit.

### III. Conclusion

For the foregoing reasons, third-party defendant Edward Nea's alternative Motion is Strike (Doc. 61) is **GRANTED** and Defendants' amended third-party complaint (Doc. 60) is hereby **STRICKEN**.

                                                  */s/ John M. Bodenhausen*
                                                  JOHN M. BODENHAUSEN
                                                  UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of October, 2021.