UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIN BULFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:20 CV 689 JMB |
| | ) |
| BECKY RAINWATER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to extension of time (Doc. 71) and plaintiff's motion for extension of time to respond (Doc. 73). For the reasons set forth below and at the motion hearing held on January 20, 2022, defendants' motion is **GRANTED in part and DENIED in part** and plaintiff's motion is **MOOT**.

Defendants (except for Philip Wagenknecht) seek a 7-month extension of the discovery deadline, the dispositive motion filing deadline, and the jury trial date, currently set for June 25, 2022. Defendants state that they recently acquired new counsel in November and December, 2021, that plaintiff has served "fourth and fifth rounds of burdensome and oppressive discovery," and that lead counsel is currently on an unexpected leave of absence until the end of January, 2022. Defendant Wagenknecht does not object. Plaintiff orally objected at the hearing by arguing that moving the trial date and other deadlines in this case would adversely affect plaintiff's counsel's ability to timely litigate other cases against St. Louis County and that defendants have already conducted discovery. Despite her arguments plaintiff also indicates that she needs additional time to conduct expert discovery and take depositions, even though the expert deadline has expired and the discovery deadline is set to expire on January 22, 2022. In addition, plaintiff raises a number

of discovery disputes that are a continuation of past disputes: defendants' production of e-mails; defendants' production of a privilege log; defendants' potential withholding of responsive discovery because of objections; the production of personnel files; and responses to plaintiff's final round of written discovery (that may exceed the numerical limitations on interrogatories and requests to produce imposed by the Federal Rules).

The undersigned finds that a brief extension is warranted in light of counsel's leave of absence, the remaining discovery, and the potential discovery disputes that may require briefing. Accordingly, the Case Management Order (Doc 26) is **AMENDED** as follows:

1. The Discovery deadline is extended to **April 4, 2022**.

    a. Plaintiff shall disclose all expert witnesses (which the Court anticipates will be one veterinarian) and provide expert reports by February 7, 2022, and shall make the expert witness available for deposition by February 28, 2022.

    b. Defendants shall disclose all expert witnesses and provide expert reports by March 14, 2022, and shall make the expert witness available for deposition by April 4, 2022.

2. This case shall be referred to alternative dispute resolution on March 1, 2022, and ADR conference(s) shall be concluded by May 1, 2022.

3. Dispositive motions, including any motions to limit or exclude expert testimony, are due no later than **April 19, 2022**.

4. Jury trial is rescheduled to **September 12, 2022 at 9:00 a.m.**  The parties anticipate that trial will last for 5 days.

In addition to the foregoing, the parties are **ORDERED** to meet and confer about the outstanding discovery disputes and to cooperatively and timely produce discovery and witnesses

for deposition.  A status conference is hereby **SET** for **February 17, 2022 at 9:30 a.m.** by zoom where the parties will inform the Court of any outstanding discovery or scheduling disputes. Thereafter, the Court will determine whether written motions to compel are warranted.

                                      */s/ John M. Bodenhausen*
                                      JOHN M. BODENHAUSEN
                                      UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of January, 2022