UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIN BULFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:20 CV 689 JMB |
| ) | |
| BECKY RAINWATER, RENITA HAWKINS, ) | |
| MARYANNE WILLIS, VANESSA DURIS, ) | |
| ST. LOUIS COUNTY, and PHILIP ) | |
| WAGENKNECHT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Erin Bulfin's second motion to compel (Doc. 77). For the reasons set forth at the hearing held on March 3, 2022 and the following reasons, the motion is **GRANTED in part, DENIED in part, and MOOTED in part.**

Federal Rule of Civil Procedure 26(b) provides that a party may discover non-privileged material relevant to a claim or defense that is proportional to the needs of the case. Proportionality takes into account the importance of the issues at stake, the amount in controversy, relative access to information, and the burden of producing the discovery. Id. The proportionality requirement, however, does not "permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. The party claiming undue burden or expense must provide some evidence regarding the time and expense involved in producing discovery. Id.; Vallejo v. Amgen, Inc., 903 F.3d 733, 743 (8th Cir. 2018). Rule 37(a)(4) provides that a party may file a motion to compel if discovery responses are evasive or incomplete. Discovery matters are committed to the discretion of the

district court and reviewed for a "gross abuse of discretion."  Robinson v. Potter, 453 F.3d 990, 994-5 (8th Cir. 2006).

In the motion, plaintiff seeks responses to her first set of interrogatories ## 6, 9, 10, 15, 16 and requests to produce #9-12, 42.  In general, these discovery requests seek complaints about the County's euthanasia policy, investigations regarding those complaints, any discipline that was meted out as a result, and personnel files of defendants.  At the hearing, the Court acknowledged that there were some procedural missteps in the filing of the motion; most notably, plaintiff did not comply with the Court's January 27, 2022 Order (Doc. 77) and filed her motion without first seeking leave.  However, all parties have had an opportunity to respond and there will be no prejudice in addressing the motion.

As set forth at the hearing, the following is hereby **ORDERED**:

1. Interrogatory # 6 is overly broad but seeks relevant information.  The "all person(s)" phrase shall be narrowed to include only relevant supervisors at ACC and relevant/limited supervisors within the Department of Public Health.  The parties shall confer and determine the list of relevant employees.  Such supervisors shall not include, for example, the County Executive or other high level county officials or any county employee unrelated to the ACC.  With that limitation, the County is directed to answer the interrogatory.  In so doing, it is insufficient to merely refer to documents; rather defendant shall answer the interrogatory by providing the name of the supervisor and answering the other discrete subparts.

2. Interrogatory # 10 is overly broad but seeks relevant information.  The interrogatory shall be limited in time to 4 years.  Again, the County shall answer the interrogatory and the discrete subparts for a 4-year period and not just from the July 2019 audit to the present.

3. Requests to Produce ## 9-12, 42:  The County has produced responsive documents and is doing so on a rolling basis.  As such, the motion is denied as moot as to these requests to produce.  The County, however, is directed to ensure that its production of documents is linked to the specific requests made.

4. Interrogatory # 9 seeks relevant information but the County has not responded because it seeks to modify the protective order (Doc. 57) to include a statement that any employee records are deemed confidential.  The parties have not come to an agreement as to such a modification.  Accordingly, defendant filed a motion to modify the protective order (Doc. 84).  Plaintiff may respond to the motion within 5 days of this Order.

5. Interrogatory # 15 is overly broad and not proportional to the needs of this case because it seeks a wide swath of information not relevant to any claim or defense.  No further answer will be compelled.

6. Interrogatory # 16 seeks relevant information but is overbroad.  It shall be limited in time to a 4 year period.  The County shall answer the interrogatory, and each subpart, with that limitation in mind, even if the answer is "none."

   Defendants' responses, as directed above are due within 14 days of the date of this Order except as to interrogatory #9.  A deadline for a response to that interrogatory will be set forth in the order on the motion to modify the protective order.  In any further discovery negotiations or requests, the parties are reminded of their obligation to ensure that any such requests are proportional to the needs of this case and that they contain necessary limitations.

   At the hearing, plaintiff raised concerns as to two privilege logs.  Plaintiff indicated that some of the log entries were too vague in time, topic, and involved persons to make a rational assessment of whether any of the information contained in the documents withheld are subject to

privilege.  By way of example, plaintiff pointed out that one such entry referred to various unnamed people, who exchanged various emails, on various dates, and concerning various topics with no further detail.  Such a privilege log fails to meet the minimal requirement of demonstrating that the communication is governed by a privilege.  Defendants are direct to review the privilege logs and amend them to include necessary information that would inform the reader that the material withheld is subject to privilege.  Defendant shall complete this task within 21 (twenty-one) days of the date of this Order.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of March, 2022