UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIN BULFIN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|  vs. | )   Case No. 4:20 CV 689 JMB |
| | ) |
| BECKY RAINWATER, et al., | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

     This matter is before the Court on defendants' motion to modify the protective order (Doc. 84). Defendants seek to modify the Protective Order (Doc. 57) so that they may redact "all personal information" of third parties who communicate with St Louis County's animal care and control department, designate as confidential the personnel records of defendants, and designate as confidential the relevant disciplinary records of other employees of St. Louis County. Defendants have submitted a proposed protective order (Doc. 85-1). Plaintiff objects (Doc. 88). The motion is **GRANTED in part**.

     Federal Rule of Civil Procedure 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense" including specifying the terms of discovery. "Because of liberal discovery and the potential for abuse, the federal rules confer broad discretion on the district court to decide when a protective order is appropriate and what degree of protection is required." Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 925 (8th Cir. 1999) (editing marks and citation omitted). Defendants' personnel records may contain private and confidential material that are entitled to protection. See Donald v. Rast, 927 F.2d 379, 381 (8th Cir. 1991)

(discussing confidential nature of a police officer's personnel file); Taylor v. Revenue Cycle Services Center, LLC, 2022 WL 109981, *1 (W.D. Ark. 2022).  However, defendants are not entitled to redact personal identifying information contained in discovery responses, even though they may designate such information as confidential pursuant to the current protective order.  And, the current protective order permits a party to designate as confidential the personnel records (which presumably would contain disciplinary records) of non-parties or other employees of St. Louis County.

Accordingly, the Court will amend the Protective Order as to paragraph 2(g):

2. **Confidential Information**.   In this Order, "Confidential Information" means information or documents designated as "CONFIDENTIAL" by the producing party. Confidential Information must fall within one of the following categories: (a) information prohibited from disclosure by statute; (b) information revealing trade secrets; (c) research, technical, commercial, or financial information a party has maintained as confidential; (d) personal identity information[1]; (e) income tax returns; and (f) a person's medical information; and ***(g) personnel employment records or disciplinary records of a party or non-party***.  Publicly available information and documents may not be designated as Confidential Information.

The Amended Protective Order will be entered by separate docket entry.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of March, 2022

---

[1] This category shall be limited to Social Security number, birthdate and home address.