UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ERIN BULFIN,                                    )
                                                )
            Plaintiff,                          )
                                                )
    vs.                                         )      Case No. 4:20 CV 689 JMB
                                                )
BECKY RAINWATER, et al.,                        )
                                                )
            Defendants.                         )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Erin Bulfin's motion for leave to file her first amended complaint (Doc. 105).  For the reasons set forth below, the motion is **DENIED**.

### Background

According to allegations in plaintiff's March 26, 2020 complaint (Doc. 1), her dog Daisy allegedly bit someone on December 26, 2019.  The next day, she called St. Louis County's Animal Care and Control (ACC) to get information regarding mandatory quarantine.  A few hours later, her husband, Edward Nea, took Daisy to the ACC shelter to be quarantined.  When he arrived, Nea spoke with defendant Hawkins and she completed a form entitled "Animal Bite/Injury Reporting Form" while Defendant Willis scanned Daisy's microchip revealing that she was owned by plaintiff.  On the form, Hawkins allegedly checked a box marked "(ORE) OWNER REQUESTS EUTHANASIA" (the "ORE box").  She did not explain the significance of the check mark to Nea as he signed the form in three places without reading it.  Plaintiff alleges, on information and belief, that defendant Rainwater was in an adjacent office where she could see and hear the interaction between Nea and Hawkins.  Plaintiff also alleges that Rainwater reviewed the documents Hawkins

completed.  With the knowledge of Defendant Duris, Defendant Wagenknecht, a veterinarian, euthanized Daisy shortly after Nea left her at the ACC facility without plaintiff's permission.

Plaintiff further alleges that in July 2019, defendant St. Louis County released the results of an audit of ACC.  The audit was highly critical of ACC's policies and practices regarding owner requested euthanasia and recommended that St. Louis County immediately stop having owners of surrendered animals check and initial the ORE box.  The audit made other recommendations regarding surrendered animals that plaintiff alleges were not followed in this instance.

The complaint asserts claims pursuant to 42 U.S.C. §§ 1983 and 1988 (Counts I, VI, XI, XVI, XVII, XXIII) and a variety of state law claims (Counts II-V, VII-X, XII-XV, XVIII-XXII, XXIV-XXVII) against the individual defendants.  She also asserts a § 1983 claim against St. Louis County for unlawful policy, practice and/or custom (Count XXIX).  In particular, she claims that:

> The misconduct of Defendants Rainwater, Hawkins, Willis, Duris, and Wagenknecht of the St. Louis County ACC, as described herein, was authorized by, and undertaken pursuant to, a practice and custom that what [sic] so widespread, well-known, and well-settled, as to constitute a standard operating procedure of Defendant St. Louis County, in that it is and was the regular practice and custom of Defendant St. Louis County and its employees to mislead and deceive individuals into indicating that he/she was requesting euthanasia of his/her pet, through the "owner requested euthanasia" ("ORE") policy.

(Doc. 1, ¶ 275).

Finally, she asserts a § 1983 claim against St. Louis County for failure to train, supervise, or discipline the individual defendants (Count XXX).

Plaintiff's proposed amended complaint seeks to add various facts, include a payer for relief on Count XVI, and expanded on ¶ 275 as follows:

> The misconduct of Defendants Rainwater, Hawkins, Willis, Duris, and Wagenknecht of the St. Louis County ACC, as described herein, was authorized by, and undertaken pursuant to, a practice and custom that what [sic] so widespread, well-known, and well-settled, as to constitute a standard operating procedure of Defendant St. Louis County, in that it is and was the regular practice and custom of

Defendant St. Louis County and its employees to mislead, and deceive, and/or require individuals into indicating that he/she was requesting euthanasia of his/her pet, through the "owner requested euthanasia" ("ORE") policy; to mislead, deceive, and/or require individuals to sign documentation relinquishing ownership rights in his/her animal when such was not the individual's true intention; and/or to mislead, deceive, and/or require individuals to sign documents and statements which Defendant St. Louis County knew to be false for purposes of improperly taking ownership of animals.

The proposed amended complaint also added to Count XXX.

Finally, plaintiff seeks to add a new unconstitutional policy claim pursuant to § 1983, designated Count XXXI, and two additional failure to intervene claims, designated Counts XXXII, and XXXIII.  In the proposed Count XXXI, she alleges that it was St Louis County's policy (as opposed to practice and custom) to force or deceive persons to relinquish their rights to their property and euthanize their animals without their consent or knowledge (Doc. 105-2, pp. 65-66).  In proposed Count XXXII, she alleges that defendant Hawkins failed to intervene in the other defendants' unconstitutional acts (Id. pp. 67-68).  In the proposed Count XXXIII, she also alleges that defendant Willis failed to intervene in the unconstitutional acts of the other defendants (Id. pp. 68-70).

## Discussion

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend a pleading with the opposing party's consent or leave of court and that "[t]he court should freely give leave when justice so requires."  It is within the district court's discretion to deny amendment if there is "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment."  Reuter v. JAX Ltd., Inc., 711 F.3d 918, 922 (8th Cir. 2013) (quotation marks and citation omitted).  When there is also a scheduling order that sets forth a deadline for amendment of pleadings, it is within this

court's broad discretion to determine "when exceptions to these deadlines are appropriate." Knoth v. Smith & Nephew Richards, 195 F.3d 355, 358 (8th Cir. 1999).

In this matter, the Case Management Order (Doc. 26) contained a deadline of March 22, 2021, to amend pleadings without leave of court. There is no deadline to file motions for leave to amend pursuant to Rule 15(a)(2). Therefore, defendants' first argument, that plaintiff is required to show good cause pursuant to Rule 16, is misplaced.

Nonetheless, plaintiff seeks leave to amend because she "has recently discovered new facts" that require an amendment to the complaint. Plaintiff broadly states that she learned new information from recently taken depositions of defendants that require her to assert new or alternative theories of relief. Plaintiff does not state when these depositions were taken. Defendants object, arguing that the proposed amendment is untimely, prejudicial, and futile.

The Case Management Order in this case was entered on January 21, 2021 and gave the parties a year to conduct discovery. The Court is mindful that there have been a number of discovery disputes that have resulted in an extension of the discovery deadline from January 22, 2022 (Doc. 26), to April 4, 2022 (Doc. 76), to May 18, 2022 (Doc. 98). Nonetheless, it is unclear to the Court why the parties have waited until the last minute to conduct party depositions and why, at this stage of the proceedings, plaintiff is only now "discovering" new claims.[1] On the one hand, new claims necessarily require a new evaluation of discovery and would require defendants, at this late stage of the proceedings, to spend time and resources assessing whether a motion to dismiss would be appropriate. On the other hand, the additional claims that plaintiff raise in her proposed amended complaint are similar to current claims and appear to rely on the same evidence

---

[1] In the parties most recent filing, a status report on the ongoing discovery disputes (Doc. 115), the parties appear to have "agreed" to extend the discovery deadline to conduct depositions even though Rule 29(b) expressly forbids such an agreement without Court approval, which has not been formally requested or granted.

that plaintiff has had access to since this case was filed – namely the presence of an ORE box policy and the seeming collective action of defendants in Daisy's euthanasia.  Permitting amendment at this stage of the proceedings, on the eve of the discovery deadline (when the motion was filed) and mere weeks before dispositive motions will be filed, will unnecessarily extend this already protracted litigation.  At this stage of the proceedings, the Court specifically finds that the continuation of discovery in this case is not proportional to the needs of the case given the amount in controversy, the parties' resources, and the burden and expense of producing additional discovery.  This is the point where the parties must place all their cards on the table and for the Court and/or a jury to determine what recovery plaintiff may be entitled to and on which of her many claims.   For these reasons alone, plaintiff's motion is **DENIED**.

 In addition to undue delay and prejudice to defendants, the Court also finds that plaintiff's claims of failure to intervene in Counts XXXII and XXXIII appear futile.  The Eighth Circuit has not recognized a failure to intervene claim outside of the excessive force context.  Hess v. Ables, 714 F.3d 1048, 1052 (8th Cir. 2013) ("outside of the excessive force context, there is no clearly established law regarding a duty to intervene to prevent constitutional violations").  The Court notes that it has not had the opportunity to determine whether any defendant would be entitled to qualified immunity or whether plaintiff can prevail on a failure to intervene claim in the circumstances of this case; but, it appears highly unlikely that plaintiff could proceed on such a claim outside of an excessive force context.

Finally, to the extent that plaintiff seeks to add new legal theories to already pled claims or new facts, such additions are unnecessary.  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Plaintiff is not required to bolster current claims with additional facts; no defendant has filed a motion indicating that such claims

are legally deficient.  And, plaintiff is not required to include alternative legal theories that would support her claims.  Such legal issues can be fleshed out on summary judgment, if necessary.

### Conclusion

For the above reasons, plaintiff's motion for leave to file her first amended complaint (Doc. 105) is **DENIED**.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of May, 2022