UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIN BULFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:20 CV 689 JMB |
| | ) |
| BECKY RAINWATER, RENITA HAWKINS, | ) |
| MARYANNE WILLIS, VANESSA DURIS, | ) |
| ST. LOUIS COUNTY, and PHILIP | ) |
| WAGENKNECHT, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the County defendant's motion to compel production of audio-video recordings of depositions (Doc. 121) and plaintiff's motion for extension of time (Doc. 122). For the reasons set forth below and at the June 15, 2022 hearing, the following is hereby **ORDERED:**

The motion to compel production of audio-video recordings of depositions (Doc. 121) is **GRANTED**. There being no objection, plaintiff shall produce any audio or video recordings of depositions to defendants by **June 22, 2022.**

The motion for extension of time is **GRANTED in part and DENIED in part**. Plaintiff is granted until **August 1, 2022** to file a substitute motion for summary judgment and to withdraw the currently pending motion for partial summary judgment (Doc. 128). Responses/replies to the substitute motion shall be filed within the time provided by the Local Rules. No response to plaintiff's current motion for partial summary judgment (Doc. 128) is required at this time.[1]

---

[1] Defendants shall respond to this motion by August 22, 2022, if plaintiff does not file a substitute motion by August 1, 2022.

Page **1** of **3**

Plaintiff is granted until **August 1, 2022** to file a response to the County defendants' motion for summary judgment (Doc. 125).  No extension of time is granted as to plaintiff's response to defendant Wagenknecht's motion for summary judgment (Doc. 118).  Defendants may file a motion to supplement their motions for summary judgment, if necessary.  The trial date in this matter is **VACATED** and will be set by separate Order.

In addition to the foregoing, the Court finds that the discovery deadline has passed and that no further discovery is permitted except as follows:

1. Plaintiff is granted leave to depose Lisa Langendecker and Clinton Wall and Defendant Wagenknecht is granted leave to depose Hannah Brown.

2. Plaintiff is granted leave to conduct a Rule 30(b)(6) deposition.  However, the topics of the deposition shall be limited as set forth in the County defendants' objections (Doc. 136-1, pp. 96-102).

3. Plaintiff is granted leave to conduct a continued deposition of Spring Schmidt.  The parties are granted leave to conduct this deposition by video-conference/zoom.

4. All depositions shall be completed by **July 15, 2022**.  No additional depositions are permitted; however, plaintiff may seek leave to conduct additional depositions pursuant to Rule 30(a)(2), if necessary.  It is unlikely, absent compelling circumstances, that additional depositions will be permitted.  A response to any such motion is due within seven (7) days of filing of the motion.

5. Defendants shall thoroughly review their privilege log(s) and produce any non-privileged documents by **June 22, 2022**.  Thereafter, plaintiff is granted leave to file a motion seeking documents she believes are not privileged, if necessary.  A response shall be filed within

seven (7) days of filing of the motion.  In response, defendants shall produce to the Court, for *in camera* inspection, the documents in question.

  6. Defendants shall produce, at least 7 days prior to the Rule 30(b)(6) deposition, an amended list/summary of intake forms that would identify the "dog bite date" for the years 2018 and 2019.  The Court notes that this list was previously produced but that it did not include the date of the dog bites in question but rather set forth the date an animal was impounded.

  7. The County defendants have represented that the "Daisy Photograph" was taken by an employee's cell phone.  The County defendants shall produce the cell phone photograph and accompanying metadata by **June 22, 2022**.

  Finally, the Court finds it troubling that the "Joint Report to Court" (Doc. 115), which was signed by the County defendant's attorney and plaintiff's attorneys, may not have accurately reflected the County defendants' position on the issues outlined.  It is also troubling that the County defendants did not point out the alleged inaccuracies until well after the document was filed.  It should go without saying that the Court expects the parties to make accurate representations in joint filings and to timely and formally assert Rule 11 violations if they have a good faith basis for doing so.  Hinting at such violations in an untimely manner is unhelpful and does not aid the Court in resolving disputes.

               */s/ John M. Bodenhausen*
               JOHN M. BODENHAUSEN
               UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of June, 2022