**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|                         |     |                           |
|-------------------------|-----|---------------------------|
| ERIN BULFIN,            | )   |                           |
|                         | )   |                           |
| Plaintiff,              | )   |                           |
|                         | )   |                           |
| v.                      | )   | Cause No. 4:20-cv-00689-JMB |
|                         | )   |                           |
| RAINWATER, et. al.      | )   |                           |
|                         | )   |                           |
| Defendants.             | )   |                           |

## MOTION FOR PROTECTIVE ORDER

COMES NOW, Defendants St. Louis County, Rebecca Rainwater, Vanessa Duris, Maryanne Willis, and Renita Hawkins ("County Defendants") and move this Court for an order of protection with respect to the depositions taken in this matter and videotaped by plaintiff as well as repeated Sunshine requests after the Court ruled on limited discovery.  Defendants request the Court enter an order preventing plaintiff, Erin Bulfin, or plaintiff's counsel, Mr. Mark Pedroli or Mr. Dan Kolde, or any agent of said party, from using, disseminating, and/or publishing any transcript and/or video and/or audio recording of the depositions to third – parties and/or limiting the use of the video and/or audio recordings of the depositions to the prosecution and defense of the instant matter.  Additionally, at the direction of Plaintiff's counsel, Edward Nea, the spouse of Plaintiff, has filed numerous Sunshine requests for materials the Court prevented Plaintiff from receiving in discovery in this case.  In Support of this motion, County Defendants state as follows:

1.      On the following dates, Plaintiff obtained the depositions of the following witnesses/defendants:

   a.  Defendant Wagenknecht: March 30th, 2022;

   b.  Defendant Hawkins: April 19th, 2022;

c.  Defendant Rainwater: April 27th, 2022 (Volume I), May 18th, 2022 (Volume II);

d.  Defendant Willis: April 28, 2022 (Volume I), May 18th, 2022 (Volume II);

e.  Defendant Duris: May 6, 2022;

f.  Witness Spring Schmidt: May 13, 2022 (not completed).

2.      Plaintiff's counsel video recorded the depositions of Defendant Hawkins, Defendant Rainwater, Defendant Willis, Witness Spring Schmidt, and Defendant Duris with his cell phone and/or laptop computer.   Defendant objected to the video recordings during the depositions.

3.      Plaintiff's counsel video recorded these depositions over County Defendants' objections.  Defendants' objections were that the recordings did not conform to Federal Rule of Civil Procedure 28 and 30.  Rule 28(a)(1)(A)&(B) and Rule 30(b)(5) require that a deposition be taken before "an officer authorized to administer oaths either by federal law or by the law in the place of examination" or by a "person appointed by the court where the action is pending to administer oaths and take testimony."   Mr. Pedroli is neither authorized nor appointed to administer oaths and, in any event, would be disqualified from doing so in this matter as Rule 28(c) prohibits depositions to be taken before a person who is an attorney of any party in the cause. Further, County Defendants objected in that Mr. Pedroli's video recording failed to comport with Rule 30(b)(5)(A)(i)-(v) in that the proper on-the-record statements proscribed by that Rule were not made by an officer appointed or designated under Rule 28.

4.      Several portions of all of the above-referenced depositions were designated confidential by counsel for County Defendants, including portions of depositions wherein witnesses deposed in this matter provided their home addresses, personal telephone numbers, personnel matters, and other personal, sensitive, and confidential information.

5. Additionally, Mr. Pedroli refused to provide the video recordings until ordered to do so by this Court on June 16, 2022. This Court ordered Plaintiff to provide the video recordings by June 22, 2022. Plaintiff provided only some of the video recordings on June 22, 2022.[1]

6. However, Plaintiff, Erin Bulfin and/or her attorney, Mr. Mark Pedroli, disclosed at least certain portions of the video recorded deposition testimony which were aired in two television interviews on KSDK, as well as other portions of discovery, specifically a document marked STLCO000019. Plaintiff Bulfin and Plaintiff's counsel also disclosed evidence and testimony obtained through discovery in a St. Louis Post – Dispatch news article published on July 7, 2022. (*See* https://www.ksdk.com/article/news/investigations/woman-family-dog-euthanized-without-permission-st-louis-county-shelter/63-ac094454-0bb2-4dd0-9aa3-45e4d3248e1d; https://www.ksdk.com/article/news/investigations/new-court-evidence-allegations-st-louis-county-animal-shelter/63-88a898f5-0fb3-4a5b-bb69-e79ed916fbf6; https://www.stltoday.com/news/local/columns/tony-messenger/messenger-lawsuit-in-dog-s-death-alleges-house-of-horrors-at-st-louis-county-shelter/article_ada7c767-02b6-557f-a31a-e62dcb52211d.html).

7. Rule 26(c) of the Federal Rules of Civil Procedure provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." A court is given broad discretion on whether to issue a protective order. *Wells Fargo Bank, N.A. v. Konover*, 963 F.2d 15, 19 (2nd Cir. 1992). "The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). "Without an ability to restrict

---

[1] Due to a technical issue, a portion of the video recording of Defendant Duris' deposition was not sent to County Defendants until June 27, 2022.

public dissemination of certain discovery materials that are never introduced at trial, litigants would be subject to "needless annoyance, embarrassment, oppression, or undue burden or expense." *Securities & Exchange Comm. v. TheStreet.com*, 273 F.3d 222, 229 (2nd Cir. 2001) (quoting Fed.R.Civ.P 26(c)).

8.      While courts have long recognized a "common law right of public access to judicial documents," *Lugoshch v. Pyramid Co. of Onondaga*, 4356 F.3d 110, 119 (2d Cir. 2006), that freedom does not extend to "all stages of litigation." *Danziger v. Hearst*, 304 N.Y. 244, 107 N.E.2d 62 (N.Y. 1952). The Supreme Court has stated the following concerning the public's access to the deposition stage of litigation:

> "Pretrial depositions are not public components of a civil trial. Such proceedings
> were not open to the public at common law . . . and, in general, they are
> conducted in private as a matter of modern practice. Much of the information that
> surfaces during pretrial discovery may be unrelated, or only tangentially related,
> to the underlying cause of action."

*Seattle Times Co. v. Rhinehart*, 467 U.S. at 33; *see also*, *Bal v. Hughes*, No. 92 Civ. 5453 JFK AJP, 1995 WL 244757 (S.D.N.Y. 1995) (holding that depositions are a private matter between the parties designed to assist them in their search for the relevant issues at the upcoming trial).

9.   Further, the Supreme Court has held,

> "An abundance of statements and documents generated in federal litigation
> actually have little to no bearing on the exercise of Article III judicial power . . .
> [T]emptation to leave no stone unturned in the search for evidence material to a
> judicial proceeding turns up a vast amount of not only irrelevant but also
> unreliable material."

*United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) ("Amodeo II").

10. In *United States v. McDougal*, the Eighth Circuit held "as a matter of law that the [deposition] videotape itself is not a judicial record to which the common law right of public access attaches [and] [e]ven if the defendants had moved for the admission of the videotape into evidence,

the videotape itself would not necessarily have become a judicial record subject to public review." 103 F.3d 651, 656 (8th Cir. 1996).  In *McDougal*, a number of media organizations moved for access to a video recording of President Clinton's deposition testimony in a criminal case immediately after it was taken or, in the alternative, at the time of its display to the jury.  *Id.* at 652.  Ultimately, excerpts of the video deposition were played at trial.  *Id.* at 653-654.  That deposition, recorded at the White House and given by a sitting president, was presumably of great public interest.  *Id*. at 653.  The trial court denied the media's motion, finding the video deposition was not a judicial record and that "the press's First Amendment right of access to public information had been 'fully satisfied in this instance by allowing the press to attend the playing of the videotaped deposition and in providing full access to the written transcript.  *Id*. at 652, 654, 656.

11. Here, Plaintiff and/or her counsel have disclosed patently inadmissible and confidential testimony, evidence, and videotaped portions of at least one deposition taken in this matter even before discovery has completely closed, before Plaintiff's extended dispositive motion deadline, and even before pretrial procedures and trial; well before such testimony, evidence, and videotaped portions of depositions have even been ruled admissible, let alone admitted and/or published at trial.

12. The deposition transcripts, video, and/or audio recordings of the depositions in this case contain irrelevant and confidential personal information, including the County Defendant's home addresses, personal telephone numbers, disciplinary history, and other confidential information. The public has no presumptive right to access such information.  Plaintiff and/or her counsel have no legitimate purpose in disseminating the video, audio, and/or transcripts of the depositions taken

in this case to third – parties for publication and seeks only to taint a potential jury and/or harass County Defendants and witnesses to gain an unfair advantage in prosecuting the instant matter.

13. Dissemination of the video, audio, and/or transcripts of the depositions taken in this case to third-parties for publication will further have a chilling effect on future testimony and adjudication of this matter.

14. County Defendants respectfully request that this Court enter an order prohibiting any further video recording of depositions in this matter that does not conform to the Federal Rules of Civil Procedure and that this Court enter an order prohibiting any further public comments or publicity made by Plaintiff, Plaintiff's counsel, or any other individual explicitly or implicitly acting on Plaintiff or Plaintiff's counsel's behalf.  County Defendants respectfully request that the Court enter an order prohibiting the disclosure of any documents they possess, either through discovery or records requests that are related in any way to this litigation to any third party, including and specifically the media.

15. Further, County Defendants respectfully request that the Court enter an order preventing Plaintiff from introducing into evidence through discovery (i.e.at a deposition), in using said material in a dispositive motion, or introducing into evidence at trial  any documents or other evidence Plaintiff, Plaintiff's counsel, or any person acting on Plaintiff or Plaintiff's counsels' behalf has obtained after June 15, 2022 via Missouri Sunshine records requests related to the present litigation, as this Court made clear on June 15, 2022, that discovery in this matter was closed with the exception of certain depositions. Defendants refer specifically to the following requests:

a. On or about June 28th, 2022 Ms. Mandy Zatorski[2] submitted a Sunshine records request for "all walking/enrichment logs for May 2020, and a blank copy of the current intake form for ACC."

b. On or about June 17th, 2022, Plaintiff's counsel made a Sunshine request to St. Louis County on behalf of Plaintiff's husband, Mr. Edward Nea, requesting all emails of Defendant Rainwater and Defendant Hawkins between December 27, 2022 and December 28, 2022. Plaintiff's counsel requested all text messages on government issued cell phones between December 27, 2019 through December 31, 2019 for Defendants Rainwater, Hawkins, and Duris as well as witnesses Clinton Wall and Spring Schmidt.  Plaintiff's counsel requested all phone records and billing records for December 2019 for government issued phones for Defendants Rainwater, Hawkins, Willis and witnesses Clinton Wall and Spring Schmidt.

c. On or about July 18th, 2022, Plaintiff's counsel made a Sunshine request to St. Louis County on behalf of Plaintiff's husband, Mr. Edward Nea, for all Standard Operating Procedures at St. Louis County Animal Care and Control Shelter, the exact same request that Plaintiff's counsel made to this Court at the June 15, 2022 hearing.  This Court denied Plaintiff's counsel's request to receive these documents through discovery.

---

[2] As previously stated, Ms. Zatorski has a lawsuit pending with St. Louis County as a defendant in the State of Missouri, appears in the July 7, 2022 KSDK news report, and is represented by Plaintiff's counsel.

d.   On or about July 18, 2022, Plaintiff's counsel made a Sunshine request to St. Louis

County for all email, including attachments, sent from, received by, or copying

Defendants Rainwater, Hawkins, Duris, and Willis as well as witness Spring

Schmidt between December 27, 2019 and December 31, 2019.  Plaintiff's counsel

requested that this Court order St. Louis County to provide these emails via

discovery at the June 15, 2022.  This Court denied Plaintiff's counsel's request at

the June 15, 2022.

16. As previously stated, discovery in this matter closed on May 18, 2022.  In this Court's May

25, 2022 order (#117), this Court specifically found that the continuation of discovery in this case

is not proportional to the needs of the case given the amount in controversy, the parties' resources,

and the burden and expense of producing additional discovery.  To that end, this Court did not

permit Plaintiff's counsel to obtain the above referenced discovery.  Plaintiff is now seeking the

same evidence that this Court has expressly prohibited.

17. This Court has the authority, under the Missouri Sunshine law to prevent disclosure of the

above records in that the Missouri Sunshine Law permits records from being disclosed if they are

"protected from disclosure by law."  § 610.021(14).  Thus, to the extent that this Court finds it has

the authority to do so, County Defendants request that this Court enter an order prohibiting Plaintiff

from obtaining the above-referenced documents and seeking any further documents relevant to the

present litigation without this Court's Order.

18. In any event, the Sunshine requests referenced above are duplicative of discovery already

received by Plaintiff in this matter and forcing the County Defendants to produce documents

pursuant to those requested would place County Defendants in a position of providing documents

and other possible material that could not be obtained in this matter through requests to the Court,

which has already ruled the discovery was beyond that which is proportional to the needs of the case given the amount in controversy, the parties' resources, and the burden and expense of producing additional discovery.

19. Therefore, County Defendants respectfully request this Court enter a protective order excluding any and all documents or other evidence obtained pursuant to a Sunshine Request after May 18, 2022 from these proceedings entirely.

## REQUEST FOR SANCTIONS

1. This Court has adopted the Code of Professional Responsibility adopted by the Missouri Supreme Court as amended from time to time. *See* Eastern District of Missouri Local Rule 12.02; Eastern District of Missouri Rules of Disciplinary Enforcement, Rule IV(B).

2. Missouri Supreme Court Rule 4-3.6(a) states:

> A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter.

3. Comment 1 to Rule 4-3.6 acknowledges it is difficult to strike a balance between protecting the right to a fair trial and safeguarding the right to free expression. Preserving the right to a fair trial necessarily entails some curtailment of the information that may be disseminated about a party prior to trial, particularly where trial by jury is involved. *Id*. Without these limits, the result would be the practical nullification of the protective effect of the rules of forensic decorum and the exclusionary rules of evidence. *Id*.

4.  Comment 3 to Rule 4-3.6 recognizes that, to balance the public interest in litigation with the right that a party has to a fair trial, the rule is limited in scope to only the attorneys who are involved in or were involved in the litigation at issue.

5.  Comment 5 to Rule 4-3.6 acknowledges certain subjects that are "more likely than not to have a material prejudicial effect on a proceeding, particularly when they refer to a civil matter triable to a jury.  These subjects include:

   a.  The character, credibility, reputation, or criminal record of a party, suspect in a criminal investigation, or witness, or the identity of a witness, or the expected testimony of a party or witness (Rule 4-3.6, Comment 5(1);

   b.  The identity or nature of physical evidence expected to be presented (Rule 4-3.6, Comment 5(3);

   c.  Information the lawyer knows or reasonably should know is likely to be inadmissible as evidence in a trial and that would, if disclosed, create a substantial risk of prejudicing an impartial trial. Rule 4-3.6, Comment 5(5).

6.  Here, Plaintiff and Plaintiff's counsel have made public extrajudicial statements both by disclosing and commenting on testimony and material provided by County Defendants to the media *before discovery has even closed completely, before this Court has ruled on any dispositive motions, and before this Court has had a chance to rule on the admissibility of evidence*.

7.  The sum effect of these extrajudicial statements is exactly the kind of harm that Missouri Supreme Court Rule 4-3.6 is specifically designed to prevent; namely these extrajudicial statements have a chilling effect on the further adjudication of this matter and adversely impact County Defendants' right to a fair trial.

8.  County Defendants could not have anticipated that Plaintiff and/or Plaintiff's counsel would arrange for the public dissemination of Mr. Pedroli's personally recorded audio or video of Defendant Duris' deposition.

9.  County Defendants Request the following Sanctions:

   a.  That this Court enter its order forfeiting Plaintiff's right to jury trial;

   b.  That this Court enter its order prohibiting any further video recording of depositions in this matter that does not conform to the Federal Rules of Civil Procedure;

   c.  That this Court enter its order prohibiting any further public comments or publicity made by Plaintiff, Plaintiff's counsel, or any other individual explicitly or implicitly acting on Plaintiff or Plaintiff's counsel's behalf;

   d.  That this Court enter its order prohibiting the release of any documents received via discovery or through Missouri Sunshine Request relevant to the claims or defenses asserted in this lawsuit to the public, third parties or media by Plaintiff, Plaintiff's counsel, or any other individual explicitly or implicitly acting on Plaintiff or Plaintiff's counsel's behalf.

   e.  That this Court enter its order closing discovery in its entirety, and proceed to ruling on dispositive motions;

   f.  That this Court enter its order dismissing this matter with prejudice;

   g.  That this Court enter its order imposing a monetary sanction on Plaintiff and/or Plaintiff's counsel;

   h.  That this Court enter its order imposing such other sanction or relief this Court deems appropriate.

WHEREFORE, County Defendants request that this Court enter its protective order in accordance with the above requested relief and/or sanctions, and such other and further relief as the Court deems just and proper under the circumstances.

Respectfully Submitted,

BETH ORWICK
COUNTY COUNSELOR

By:     */s/ Matthew W. Huckeby*
Matthew W. Huckeby, 61978MO
Associate County Counselor
41 S. Central Avenue, 9th Floor
Clayton, MO 63105
314-615-7036 (Office)
314-615-3732 (fax)
MHuckeby@stlouiscountymo.gov

*Attorney for County Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 22, 2022, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's CM/ECF filing system upon all counsel of record.

*/s/ Matthew W. Huckeby*